# STATE OF FLORIDA v MOORE
## Case No. 84-321 AC (County Court Case No. 59422 MB)
Eleventh Judicial Circuit, Appellate Division, Dade County
October 8, 1986

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **G. Bart Billbrough,** Assistant Attorney General, for appellant.

**Philip Carlton, III** for appellee.

Before Barad, Goldman, Fuller, JJ.

### OPINION OF THE COURT

PER CURIAM.

The Appellant, State of Florida, seeks review and reversal of the December 21, 1984, Order entered by the trial court which granted Appellee's (the Defendant below) Motion to Dismiss. The Appellee was charged with driving under the influence of alcoholic beverages on June 15, 1984. On August 21, 1984, the Appellee entered a plea of not guilty.

The case was scheduled for trial on September 24, 1984. On that date, the State requested and obtained an extension of the speedy trial period until November 14, 1984. Said extension was due to the illness of the D. O. Technician.

On November 14, 1984, the case came up for trial. Although the same material witness was still unavailable, the State made the decision to go to trial without the said witness and, therefore, announced to the court that it was ready to proceed to trial on the drunk driving charge. In response to that announcement by the State, the defense moved for dismissal of the case, which said motion was granted by the trial court. The written Order of Dismissal was entered on December 21, 1984.

The State asserts that it was error for the Court below to have dismissed the charge when the State had announced ready for trial on a date that was still within the "speedy trial period."

We agree.

The facts and issues in this case are identical to *State of Florida v. Carty*, 14 Fla. Supp.2d 143 (Cir.Ct. Dade 1985), wherein the Court held "the fact that the State was willing to proceed to trial on November 14, 1984, without an important witness does not suggest that the sickness was not important enough to have justified the State asking for the earlier continuances and extensions of the 'speedy trial period'. Furthermore, the fact that the State was willing to proceed to trial on November 14, 1984, without an important witness does not lessen the correctness of the trial court's earlier orders which extended the 'speedy trial period'."

"The fact remains that on November 14, 1984, a date which was still within the extended 'speedy trial period', the State announced that it was ready to proceed to trial. Whether the State took this position because it anticipated that the trial court would not again continue the case, or whether the State had re-evaluated its evidence based on the posture of the case is irrelevant. Those issues have not been raised or discussed in any court by either party."

"The granting of the Motion to Dismiss and the discharge of this Defendant, which was done prior to the expiration of the 'speedy trial

period' was error. The State is entitled to its day in court, even if its day turns out to be the last day available for trial within the provisions of the 'speedy trial rule'. The decision of the State to proceed to trial without a particular witness is a decision that only the State can make."

The judgment of the trial court below is hereby reversed, with this cause being remanded to the trial court with directions to vacate the Order of Dismissal and the Order of Discharge and, furthermore, to forthwith set this cause for trial at the earliest possible date that is consistent with Rule 3.191 of the Florida Rules of Criminal Procedure.

Reversed and remanded.